IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 7MJ44 |
| | ) | |
| TOMMY JEROD THORNTON | ) | |

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 20, 2007, pursuant to the Government's Motion for Detention (Doc.#5). Based upon consideration of the evidence presented, the Court concludes that the defendant should be detained pending trial in this case.

### Part I -- Findings of Fact

There is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846. The Defendant is charged with knowingly and intentionally conspiring to distribute 500 grams or more of cocaine. The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. There is a serious risk that the defendant will not appear.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that on April 17, 2007, the defendant was driving north on Interstate 85 in Montgomery, Alabama when Trooper Jason McHenry saw the defendant commit a traffic infraction. The defendant consented to a search of his automobile which revealed approximately

721 grams of cocaine. Subsequent interviews revealed the defendant has made numerous trips as a narcotics courier. During the previous trips, the defendant delivered cocaine and marijuana to various locations in three states.

Defendant Thornton has absolutely no family, job, or other ties to the Middle District of Alabama. The defendant does not own a home; have lawful employment; or own more than personal property in Texas, his state of residence. Based on clear and convincing evidence, the Court finds the defendant to be a flight risk and danger to the community based on, *inter alia,* his significant involvement in drug trafficking offenses; his extensive arrest record; his convictions for forgery and burglary; his lack of ties to the Middle District of Alabama; his minimal ties to the State of Texas; his prior conviction for a narcotics felony; and his possession of a large quantity of cocaine at his arrest. Accordingly, the Court does not find less restrictive means at the disposal of the court will enhance the likelihood that the defendant will appear at trial or protect the community while the defendant is on pretrial release.

Based on the foregoing considerations, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

### Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with

defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 25th day of April, 2007.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE